## McCourt vs. McCabe.

CONTRACT: PARTY WALL: ARBITRATION. *(1) Nonperformance of condition excused. (2) Parties defendant. (3) Estoppel. (4) Award. (5) Defense against award.*

The parties, owners respectively of two adjoining lots, executed a contract, purporting to be that of plaintiff and one C. as party of the first part, and defendant as party of the second part, for the erection of a party wall on the line between their lots. The contract recited that plaintiff and C. were partners and desired to build a wall on said line; and it authorized them to build one-half the wall on defendant's lot, required them to leave joist holes on defendant's side, and required defendant, when he should build, to pay one-half the value of said wall, to be determined by arbitrators, one of whom should be selected by each party. There was also an agreement for the execution, by the parties of the first part to the defendant, of a "bill of sale" of one-half of said wall. The contract was executed and accepted by both parties, without the signature of C. Plaintiff built the wall, without leaving joist holes on defendant's side; and defendant afterwards used it as part of a store building erected on his lot, paid plaintiff $200 on account of it, and joined with him in submitting to arbitrators, as provided by the contract, the question of the total amount to be paid by him; and the arbitrators found the amount to be $300, "the above to include the cutting of the joist holes." In an action upon the award for the unpaid $100: *Held*,

1. That it was error to nonsuit the plaintiff on the ground that he had never given defendant a bill of sale of one-half the wall, such bill of sale having never been demanded, and being entirely useless, and defendant's refusal to pay having been put entirely on the ground that the award was excessive.

2. That C. was not a necessary, nor a proper, party to the action, he having no interest either in the lot, or in the building of the wall, or in the money to be paid, and not having executed the contract.

3. That, although the contract names C. as one of the parties of the

first part, yet, after the acceptance thereof without his signature, and after the other facts above recited, defendant cannot be heard to allege that he and plaintiff are not the sole parties thereto; and evidence of the facts creating the estoppel does not conflict with the rule prohibiting proof to vary the terms of a written contract.

4. That the award, construed as allowing defendant the cost of cutting the joist holes, does not exceed the authority of the arbitrators under the contract.

5. That plaintiff's failure in some particular to perform the contract on his part, while it might have been a valid reason for a refusal by defendant to arbitrate, is no objection to the award.

APPEAL from the County Court of *Winnebago* County.

The parties were the respective owners of two adjoining lots in the city of Oshkosh, and they executed a contract in writing concerning a party wall to be erected on the line between the lots. The instrument was drawn as a contract between the plaintiff and one Cameron of the first part, and the defendant of the second part. It recited that the plaintiff and Cameron were partners, and desired to build a wall on such line; and it authorized them to erect one-half of the wall on defendant's lot, and required them to leave the necessary joist holes on the defendant's side. It required the defendant to pay for one-half of the wall when he should build upon his lot, and provided that the value or price thereof should be determined by arbitrators, one of whom should be selected by each party. It also contained the following stipulations:

"And the said party of the second part promises and agrees . . . that he will accept one-half of said wall at such price, and, upon the receipt of an absolute bill of sale of the same, he will pay to said parties of the first part the sum of money at which one-half of said wall and foundation shall be apportioned as aforesaid.

"And the said parties of the first part promise and agree, that immediately upon the receipt of the sum fixed for one-half of such party wall and foundation, they will execute an absolute bill of sale of one-half of said party wall and foundation."

The writing was not signed by Cameron, but it was duly executed and accepted by the plaintiff and defendant without his signature.

The plaintiff erected the wall, but failed to leave the stipulated joist holes; and the defendant afterwards built a store on his lot, and used the wall as a part of his building. He also paid the plaintiff about $200 on account of the wall. Afterwards each party selected an arbitrator pursuant to the contract, who, after hearing the parties, made and signed the following award in writing, which was duly delivered to the respective parties:

"OSHKOSH, February 20, 1877.

"We, the undersigned arbitrators respectively appointed by *James A. McCourt* and *Cornelius McCabe*, find the amount to be paid to *James A. McCourt* to be three hundred dollars ($300) for one-half of partition wall between their stores, as per contract on file in the register of deeds' office; the above is to include the cutting of the joist holes."

This action is upon the award to recover the unpaid balance of $100, claimed to be due the plaintiff. It is unnecessary to make any statement of the pleadings, further than to say that they present all the questions considered by this court. The trial in the county court, which was without a jury, resulted in a judgment of nonsuit, from which the plaintiff appealed.

For the appellant, there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

*Moses Hooper*, for the respondent.

LYON, J. It was stated in the argument that the nonsuit was ordered because the plaintiff failed to deliver to the defendant the bill of sale of the wall, stipulated for in the contract. We are of the opinion that the nonsuit cannot be sustained on that ground. It does not appear that the defendant ever demanded the bill of sale, and the undisputed evidence shows that he refused to pay the award for the sole reason that

it was too large. Under all the authorities, in this court and elsewhere, this refusal excused the delivery of the bill of sale. Some of these authorities are cited in the brief of counsel for the plaintiff.

Moreover, the bill of sale was entirely useless. The defendant was the owner of the half of the wall which stood on his lot, and might lawfully use it, without any conveyance thereof from the plaintiff, and the bill of sale would have conveyed nothing.

But it is argued by the learned counsel for the defendant, that the nonsuit may be sustained on other grounds. If it can, as a matter of course, the judgment should not be disturbed.

I. It is claimed that Cameron is a necessary party to this action. We think otherwise. He did not participate in the building of the wall, neither did he agree to build it. He has no interest in either lot upon which it stands, or in the money which the defendant has paid or may be required to pay for the wall, and is under no liability in respect to it. Manifestly, he is neither a necessary nor a proper party to the action.

II. It is further claimed that the proofs fail to show a contract binding upon the defendant, because the contract read in evidence is, in terms, a contract between the plaintiff and Cameron of the one part, and the defendant of the other part, and Cameron never signed it. ·

The defendant accepted the contract without the signature of Cameron thereto, and made payments to the plaintiff on account of the wall which he suffered the plaintiff alone to erect. He also entered into the arbitration stipulated for in the contract, with the plaintiff alone, and refused to abide the award on the sole ground that it was too large. Evidence of these several acts was clearly admissible, for such evidence does not infringe the rule which prohibits the admission of parol proof to vary the terms of a written contract. We think the defendant has so dealt with the contract and with the

plaintiff, that he cannot now be heard to allege that the plaintiff and himself are not the sole parties to it.

III.   Another ground upon which it is sought to sustain the nonsuit is, that the award includes matters not submitted by the contract, in that the award expressly includes the cutting of the joist holes.   The language of the award on that subject is somewhat ambiguous, but it seems to be conceded that its meaning is that the arbitrators allowed the defendant the cost of cutting the joist holes, which should have been left by the plaintiff when he erected the wall.   If this is the proper construction of the award in that behalf, as we think it is, the arbitrators have appraised the value or price of the wall as the same was erected by the plaintiff.   This is precisely what the parties in their contract stipulated that the arbitrators should do.   We find here no excess of authority on their part.

IV.   The only remaining reason alleged in support of the nonsuit is, that the plaintiff cannot recover without showing that he has performed the contract on his part.   That might have been a valid reason for a refusal by the defendant to arbitrate, but it is not a valid objection to the award.

*By the Court.* — The judgment must be reversed, and the cause remanded for a new trial.